# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57294-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BRETT C. EVERETTE, | |
| Appellant. | |

CHE, J. — Brett C. Everette appeals his resentencing after the legislature removed second degree robbery from the list of most serious offenses.

Everette's convictions arose from a dispute over a drug payment in 2013. A jury convicted Everette of attempted first degree kidnapping with a firearm enhancement, felony harassment with a firearm enhancement, and first degree unlawful possession of a firearm. The trial court sentenced Everette as a persistent offender to life without the possibility of release based on the first degree kidnapping conviction and two prior convictions for second degree robbery. On appeal, we affirmed Everette's convictions.[1]

---

[1] *State v. Everette*, No. 45941-8-II (Wash. Ct. App. Aug. 11, 2015) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2045941-8-II%20Unpublished%20Opinion.pdf.

In 2019, the legislature removed second degree robbery from the list of most serious offenses, with retroactive effect. At Everette's resentencing in 2022, the trial court determined Everette's felony harassment and attempted first degree kidnapping offenses were not the same criminal conduct because each required a different mens rea, or criminal intent.

On appeal, Everette argues the trial court erred in finding Everette's convictions for felony harassment and attempted first degree kidnapping were not the same criminal conduct and consequently, sentenced him using the incorrect offender score.

We hold Everette's crimes of felony harassment and attempted first degree kidnapping are not the same criminal conduct.

We affirm.

FACTS

Everette and Kendra Swanger were acquaintances of Joey Sanchez-Juarez. Sanchez-Juarez agreed to trade methamphetamine with Nate Hart for Hart's vehicle. Sanchez-Juarez did not "end up paying" Hart, so Hart asked Swanger to retrieve his vehicle from Sanchez-Juarez. Rep. of Proc. (RP) (Dec. 18, 2013) at 57. Swanger's retrieval of Hart's vehicle angered Sanchez-Juarez who then tried to find Swanger to get the car back.

As part of a plan with Sanchez-Juarez and others, Everette found Swanger at the house where she was hiding out from Sanchez-Juarez. Everette entered the back bedroom where Swanger and her boyfriend were staying and asked Swanger about the car. She told him she did not know anything. Everette became angry, grabbed Swanger's hair and neck, and threw her onto the bed.

Everette stated he "wasn't afraid to go back to prison . . . to smash [Swanger's] face in, [and] to kill [Swanger]." RP (Dec. 18, 2013) at 66. Everette also flashed a gun at Swanger. Everette said no one could leave and phoned his girlfriend to come and beat up Swanger. Everette then phoned Sanchez-Juarez to come to the house, saying, "Hurry up, I have 'em. I know where they're at." RP (Dec. 19, 2013) at 21, 157.

When Everette briefly left the room, Swanger and her boyfriend climbed out the window and ran into an alley. Everette informed Sanchez-Juarez that "[Swanger] got out of the house" and told him to "[g]et her before she gets to the cops." RP (Dec. 19, 2013) at 158. Sanchez-Juarez and other men drove into the alley. Everette instructed the men in the car to take Swanger, saying, "Finish up with the plans and get her to Rainier Beach." RP (Dec. 19, 2013) at 158. Sanchez-Juarez pulled Swanger to the ground and, with another person, started dragging Swanger towards their car before ultimately letting go of her and driving away.

The State charged Everette with attempted first degree kidnapping with a firearm enhancement,[2] felony harassment with a firearm enhancement,[3] and first degree unlawful possession of a firearm. A jury convicted Everette of all counts. The trial court sentenced Everette to life without possibility of release as a persistent felony offender partially based on prior convictions for second degree robbery. In 2015, Everette appealed, and we affirmed Everette's convictions.

---

[2] The amended information, in part, charged Everette with attempting to intentionally abduct Swanger, "with intent to inflict bodily injury and/or extreme mental distress upon [Swanger], contrary to RCW 9A.40.020(1)(c)(d) and RCW 9A.28.020(1)." Clerk's Papers (CP) at 9.

[3] The amended information, in part, charged Everette with knowingly and unlawfully threatening to kill Swanger, "and by words and conduct, plac[ing] [Swanger] in reasonable fear that the threat would be carried out, contrary to RCW 9A.46.020(1)(a)(i), (1)(b), and (2)(b)." CP at 9.

In 2019, the legislature removed second degree robbery as a qualifying offense for persistent offenders and applied the change retroactively.[4] LAWS OF 2019, ch. 187 pmbl. Thus, Everette was entitled to resentencing.

At his resentencing in 2022, the parties disputed Everette's offender score. Everette argued the attempted first degree kidnapping and felony harassment were the same criminal conduct. The State argued Everette had an offender score of 12 for attempted first degree kidnapping and 9 for the felony harassment and unlawful firearm possession convictions. Everette argued he had an offender score of 11 on the attempted first degree kidnapping, and 8 for the felony harassment and unlawful possession of a firearm convictions because the offenses were the same criminal conduct. Everette noted that "acting knowingly" is established "if a person acts intentionally." RP (Aug. 12, 2022) at 25; RP (Dec. 20, 2013) at 32.

The trial court determined attempted first degree kidnapping and felony harassment were not the same criminal conduct because

> [w]e have two different levels of criminal intent. Attempted Kidnapping requires intent to kidnap, which requires intentionally abducting another while taking a substantial step toward the furtherance of that crime, while Felony Harassment requires knowingly threatening another person. Thus, one crime requires the mens rea of intent, and the other requires the mens rea of knowledge.

RP (Aug. 12, 2022) at 18. Accordingly, the trial court scored the two counts separately and sentenced Everette using the State's proposed offender scores. The court sentenced Everette to 159 months of total confinement.

Everette appeals.

---

[4] In July 2019, the legislature enacted ESSB 5288, "removing robbery in the second degree from the list of offenses that qualify an individual as a persistent offender; and amending RCW 9.94A.030." LAWS OF 2019, ch. 187 pmbl.

ANALYSIS

Everette argues the felony harassment and attempted first degree kidnapping offenses were the same criminal conduct and should have been counted as a single point in his offender score. Everette claims he is entitled to a new resentencing because of his miscalculated offender score. We disagree.

A. *Legal Principles*

We do not disturb a trial court's determination of same criminal conduct absent an abuse of discretion or misapplication of the law. *State v. Westwood*, 2 Wn.3d 157, 162, 534 P.3d 1162 (2023). There is no abuse of discretion where the record adequately supports the trial court's decision. *State v. Aguilar*, 27 Wn. App. 2d 905, 934, 534 P.3d 360 (2023).

Same criminal conduct requires the offenses to have the same criminal intent, occur at the same time and place, and have the same victim. RCW 9.94A.589(1)(a). All three elements must be present for separate offenses to qualify as the same criminal conduct. *Westwood*, 2 Wn.3d at 162. An absence of any one element precludes a finding of same criminal conduct. *Id*. We construe the same criminal conduct statute narrowly to disallow most same criminal conduct claims. *State v. Wilson,* 136 Wn. App. 596, 613, 150 P.3d 144 (2007).

"If the objective intent for the offenses were the same or similar, courts can then look at whether the crimes furthered each other and were part of the same scheme or plan." *Westwood*, 2 Wn.3d at 168. Our Supreme Court has consistently rejected considering the defendant's subjective intent, finding it irrelevant. *Id.* at 165.

In *Westwood*, our Supreme Court considered whether the defendant's convictions for first degree assault, attempted first degree rape, and first degree burglary constituted the same

criminal conduct. *Id.* at 168. In doing so, the Court applied an objective intent analysis in which it relied on the statutory definitions of the crimes to determine objective intent. *Id.* at 167. "The statutory intent is relevant in determining whether the objective intent prong is satisfied. Looking to any other source of intent has the potential to lean too closely to the subjective analysis that we have always rejected." *Id.* Because the statutory definitions of intent for each crime were different, it held that Westwood's crimes did not have the same objective intent. *See Id.* at 168-69.

B. *Everette's Crimes Do Not Share the Same Criminal Intent*

Everette argues that the trial court abused its discretion in relying on only the statutory intent, not Everette's objective intent, to assess same criminal conduct. Specifically, Everette posits his crimes shared the same objective intent because the threats constituting felony harassment were used to effectuate the attempted first degree kidnapping. Everette asserts that the mens rea required for each of his crimes—intent and knowledge—are definitionally the same. We disagree.

Attempted first degree kidnapping requires intent to commit the crime of kidnapping, which, in relevant part, requires "*intentionally* abduct[ing] another person with intent: . . . (c) To inflict bodily injury on [them]; or (d) To inflict extreme mental distress on [them], or a third person." RCW 9A.28.020; RCW 9A.40.020 (emphasis added). "Abduct" means "to restrain a person by either (a) secreting or holding [them] in a place where [they] [are] not likely to be found, or (b) using or threatening to use deadly force." RCW 9A.40.010(1). "Restrain" means "to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his or her liberty." RCW 9A.40.010(6).

6

Harassment, in relevant part, requires "*knowingly* threaten[ing]: (i) To cause bodily injury immediately or in the future to the person threatened or to any other person; . . . and (b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out." RCW 9A.46.020(1)(a)(i), (1)(b) (emphasis added). Harassment is elevated to a class C felony when it involves a threat to kill the person or any other person. RCW 9A.46.020(2)(b)(ii). Notably, Everette was not charged with harassment under RCW 9A.46.020(1)(a)(iii), which requires "subject[ing] the person threatened or any other person to physical confinement or restraint."

"A person acts with intent or intentionally when he or she acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). "A person knows or acts knowingly or with knowledge when: (i) [They are] aware of a fact, facts, or circumstances or result described by a statute defining an offense; or (ii) [They have] information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense." RCW 9A.08.010(1)(b)(i)-(ii).

Here, when viewed objectively, the criminal intents for both crimes are not the same. Everette's attempted first degree kidnapping charge requires the objective intent to commit the crime of kidnapping, while his charged subsection of felony harassment requires the objective intent to knowingly threaten to kill someone. RCW 9A.28.020; *see also Westwood*, 2 Wn.3d at 168. Because the objective intent for Everette's crimes were not the same nor similar, we do not look at whether the crimes furthered each other and were part of the same scheme or plan. *Id.* at 168.

Even if we agree with Everette's argument that, definitionally, knowledge is established if intent is established, Everette's argument that his felony harassment had the same objective intent as attempted first degree kidnapping is unpersuasive. This is because attempted first degree kidnapping requires intent to commit the crime of kidnapping. *See id.* at 168. Felony harassment does not statutorily share an objective intent to kidnap. RCW 9A.46.020. An intent to abduct is not required to establish Everette's felony harassment, but it is required to establish Everette's attempted first degree kidnapping. Thus, Everette's crimes do not share the same objective intent.

Next, Everette argues his objective intent behind threatening Swanger was to abduct her, making his objective intent for both offenses the same. However, this stands contrary to the objective intent of felony harassment, which is to knowingly threaten to kill another. RCW 9A.46.020. Moreover, Everette's argument appears to focus on his subjective intent, while caselaw makes clear that the test is an objective one. Thus, in construing RCW 9.94A.589 narrowly, the crimes are not the same criminal conduct, and Everette is not entitled to a new resentencing.[5]

---

[5] Because Everette's crimes do not share the same criminal intent, they do not constitute the same criminal conduct, and we do not address whether the crimes occurred at the same time and place, and had the same victim. Furthermore, Everette's brief fails to address these elements, although the State briefly argues that the offenses occurred at different times and places despite having the same victim.

No. 57294-0-II

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_Che, J._____
Che, J.

We concur:

_Maxa, J._____
Maxa, P.J.

_Price, J._____
Price, J.

9